UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRODERICK ASSOCIATES, INC. d/b/a BRODERICK AND ASSOCIATES, <br><br> Plaintiff, <br><br> vs. <br><br> FANSTEEL, INC. a/k/a FANSTEEL INTERCAST AND AMERICAN SINTERED TECHNOLOGIES a/k/a FANSTEEL AMERICAN SINTERED TECHNOLOGIES, <br><br> Defendant. | Case No. 1:14-cv-1133 |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, Broderick Associates, Inc. d/b/a Broderick and Associates ("Broderick"), by counsel, states the following as its COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL against Defendants, Fansteel, Inc. a/k/a Fansteel Intercast ("Fansteel") and American Sintered Technologies a/k/a Fansteel American Sintered Technologies ("AST," collectively with Fansteel referred to as "Defendants"):

**PARTIES**

1. Broderick is an Indiana corporation.

2. On information and belief, Fansteel is a Delaware corporation with a principal address of 570 Lake Cook Road, Suite 200, Deerfield, IL 60015, and registered agent's address of Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

3. On information and belief, AST is a Delaware corporation with a principal address of 513 East Second Street, P.O Box 149, Emporium, PA 15834, and registered agent's address of Corporation Service Company, 1209 Orange Street, Wilmington, DE 19801.

## VENUE AND JURISDICTION

4. Broderick's claims against Defendants arise out of the execution and performance of an agreement to provide sales representative services in various locations, including Ohio, Indiana, Kentucky, Tennessee and Michigan.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events or omissions giving rise to Broderick's claims occurred in Marion County, Indiana and Defendants are subject to this Court's personal jurisdiction related to the issues raised in this matter.

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and these claims are between citizens of different States.

## FACTUAL BACKGROUND

7. On or about April 1, 2006, Broderick and Defendants entered into a certain Manufacturer's Sales Representative Agreement whereby Broderick agreed to provide certain sales services (the "Services") to Defendants in exchange for commission payments from Defendants (the "Agreement"). The parties further agreed to extend the term of the Agreement up and through May 31, 2014, and Broderick performed and provided the Services as requested and directed by Defendants as through that date. A true and accurate copy of the Agreement is attached hereto as **Exhibit A** and is incorporated herein.

8. Broderick duly performed all work as required by the Agreement, including as requested and directed as through May 31, 2014.

9. Broderick has demanded payment for the Services.

10. Defendants failed to remit payment for the Services to Broderick.

## COUNT I: BREACH OF CONTRACT

11. Broderick incorporates the preceding paragraphs as if fully set forth herein.

12. The Agreement is a valid and enforceable contract between Broderick and Defendants, including as extended through May 31, 2014.

13. As a result of Defendants' failure(s) to pay Broderick, Defendants breached the Agreement.

14. As a direct and proximate result of Defendants' breach of the Agreement Broderick has been damaged.

15. All conditions precedent to the prosecution of this action have occurred, have been performed, or have otherwise been excused.

16. Broderick declares the full amount payable under the Agreement to be due.

17. As of June 18, 2014, Broderick is owed from Defendants at least the sum of Three Hundred Seventy-Eight Thousand Eight Hundred Fifty-Two and 00/100 Dollars ($378,852.00) (the "Damages").

18. The Damages are immediately due and payable.

19. Broderick has performed its obligations under the Agreement and Defendants' breach of the Agreement has not been waived or excused by Broderick.  Therefore, Broderick has the right to recover the Damages from Defendants.

WHEREFORE, Plaintiff, Broderick Associates, Inc. d/b/a Broderick and Associates, requests that the Court enter judgment in its favor and against Defendants, Fansteel, Inc. a/k/a Fansteel Intercast and American Sintered Technologies a/k/a Fansteel American Sintered Technologies, in an amount to be proven at trial, plus an award of prejudgment interest, costs of this action, expenses, attorneys' fees and all other just and proper relief.

## COUNT II – BREACH OF IMPLIED-CONTRACT

20. Broderick incorporates the preceding paragraphs as if fully set forth herein.

21. The conduct and exchanges between Broderick and Defendants related to the requests for Services performed for Defendants or to their benefit constitutes an implied-contract between these parties, which required that Defendants pay commissions for the Services rendered at their request or for their benefit.

22. Defendants failure to pay commissions for the Services rendered at their request or for their benefit is a breach of the implied-contract between Defendants and Broderick.

23. As a direct and proximate result of Defendants' breaches of their implied-contract with Broderick, Broderick has been damaged.

24. All conditions precedent to the prosecution of this action have occurred, have been performed, or have otherwise been excused.

25. Broderick has performed its obligations under the implied-contract between it and Defendants, and Defendants' breach of the same has not been waived or excused by Broderick. Therefore, Broderick has the right to recover damages from Defendants, including all of the unpaid commissions.

WHEREFORE, Plaintiff, Broderick Associates, Inc. d/b/a Broderick and Associates, requests that the Court enter judgment in its favor and against Defendants, Fansteel, Inc. a/k/a Fansteel Intercast and American Sintered Technologies a/k/a Fansteel American Sintered Technologies, in an amount to be proven at trial, plus an award of prejudgment interest, costs of this action, expenses, attorneys' fees and all other just and proper relief.

## COUNT III – UNJUST ENRICHMENT CLAIM AGAINST DEFENDANTS

26. Broderick incorporates the preceding paragraphs as if fully set forth herein.

27. The Defendants, individually and/or collectively, have received benefits, such as payments, materials and knowhow from Broderick, and such benefits were not conveyed by Broderick to Defendants gratuitously.

28. The benefits conferred by Broderick to the Defendants were measurable.

29. Defendants accepted the benefits from Broderick without objection; however, Defendants have not reciprocated by providing anything of like value.

30. Defendants have been individually and/or collectively enriched at the expense of Broderick and Broderick is entitled to restitution for the same.

WHEREFORE, Plaintiff, Broderick Associates, Inc. d/b/a Broderick and Associates, requests that the Court enter judgment in its favor and against Defendants, Fansteel, Inc. a/k/a Fansteel Intercast and American Sintered Technologies a/k/a Fansteel American Sintered Technologies, in an amount to be proven at trial, plus an award of prejudgment interest, costs of this action, expenses, attorneys' fees and all other just and proper relief.

### COUNT IV – VIOLATIONS OF THE ILLINOIS SALES REPRESENTATIVE ACT BY DEFENDANTS

31. Broderick incorporates the preceding paragraphs as if fully set forth herein.

32. Defendants agreed to compensate Broderick by payment of a commission for the sales and services rendered by Broderick as a sales representative to Defendants.

33. As such, Illinois' Sales Representative Act, 820 ILCS 120 et. seq (the "Act"), is applicable to this matter and Defendants were required to abide by it.

34. Pursuant to the Act, the commissions earned by Broderick (defined above as the Damages) were due within thirteen (13) days of the termination of the Agreement or, if the commissions became due after the termination, thirteen (13) days after that due date.

35. Defendants purportedly terminated the Agreement in May 2014 and at that time certain commissions were due; however, they did not pay any of the commissions that were due or overdue in and by May 2014 nor did Defendants pay any commissions that became due at later dates pursuant to the terms of the Agreement.

36. Defendants' conduct violates the Act and, as such, Broderick is entitled to recoup from Defendants all of the commissions that were earned, an award of punitive damages against Defendants and Defendants are liable for Broderick's expenses, including reasonable attorneys' fees, incurred in collecting the unpaid commissions.

WHEREFORE, Plaintiff, Broderick Associates, Inc. d/b/a Broderick and Associates, requests that the Court enter judgment in its favor and against Defendants, Fansteel, Inc. a/k/a Fansteel Intercast and American Sintered Technologies a/k/a Fansteel American Sintered Technologies, in an amount to be proven at trial, plus an award of prejudgment interest, costs of this action, expenses, attorneys' fees, punitive and/or exemplary damages in the amount of three times the amount of overdue and unpaid commissions, and all other just and proper relief.

## COUNT V – VIOLATIONS OF INDIANA'S WHOLESALE SALES REPRESENTATIVE ACT BY DEFENDANTS

37. Broderick incorporates the preceding paragraphs as if fully set forth herein.

38. Defendants agreed to compensate Broderick by payment of a commission for the sales and services rendered by Broderick as a sales representative to Defendants.

39. As such, Indiana's Wholesales Sales Representative Act, I.C. § 24-4-7 et. seq (the "Sales Act"), is applicable to this matter and Defendants were required to abide by it.

40. Pursuant to the Sales Act, the commissions accrued by Broderick (defined above as the Damages) should have been paid by Defendants within fourteen (14) days after payment would have been due under the contract if the contract had not been terminated.

41.     Defendants purportedly terminated the Agreement in May 2014 and at that time certain commissions had accrued; however, they did not pay all of the commissions that were accrued as of May 2014 nor did Defendants pay any commissions that accrued at later dates pursuant to the terms of the Agreement, despite Broderick's unequivocal demands for payment.

42.     Defendants' refusal to pay the accrued commissions was done in bad faith.

43.     Defendants' conduct violates the Sales Act and, as such, Broderick is entitled to recoup from Defendants all of the commissions that were earned, an award of punitive damages against Defendants and Defendants are liable for Broderick's expenses, including reasonable attorneys' fees, incurred in collecting the unpaid commissions.

WHEREFORE, Plaintiff, Broderick Associates, Inc. d/b/a Broderick and Associates, requests that the Court enter judgment in its favor and against Defendants, Fansteel, Inc. a/k/a Fansteel Intercast and American Sintered Technologies a/k/a Fansteel American Sintered Technologies, in an amount to be proven at trial, plus an award of prejudgment interest, costs of this action, expenses, attorneys' fees, punitive and/or exemplary damages in the amount of three times the amount of the accrued and unpaid commissions, and all other just and proper relief.

Respectfully submitted,

*s/ Michael J. Alerding*
Michael J. Alerding, Esq.
Stefan A. Kirk, Esq.
ALERDING CASTOR HEWITT LLP
47 S. Pennsylvania St., Suite 700
Indianapolis, IN  46204
Phone: (317) 829-1910
Fax: (317) 423-2089
malerding@alerdingcastor.com
skirk@alerdingcastor.com
*Attorneys for Plaintiff, Broderick Associates, Inc. d/b/a Broderick and Associates*

## JURY TRIAL DEMAND

Plaintiff, Broderick Associates, Inc. d/b/a Broderick and Associates by counsel respectfully requests a jury trial for all issues deemed so triable.

>Respectfully submitted,
>
>*s/ Michael J. Alerding*
>Michael J. Alerding, Esq.
>Stefan A. Kirk, Esq.
>ALERDING CASTOR HEWITT LLP
>47 S. Pennsylvania St., Suite 700
>Indianapolis, IN  46204
>Phone: (317) 829-1910
>Fax: (317) 423-2089
>malerding@alerdingcastor.com
>skirk@alerdingcastor.com
>*Attorneys for Plaintiff, Broderick Associates, Inc. d/b/a Broderick and Associates*